UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK ANTHONY GOODING,

      Petitioner,               Civil No. 2:23-cv-10949

      v.                                Hon. George Caram Steeh

PAROLE BOARD and
HEIDI WASHINGTON,

      Respondents.
_____/

**<u>OPINION AND ORDER SUMMARILY DENYING THE PETITION FOR A WRIT OF HABEAS CORPUS (ECF NO. 1), DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND DECLINING LEAVE TO APPEAL IN FORMA PAUPERIS</u>**

    Michigan prisoner Mark Anthony Gooding, presently confined at the Oakland County Jail in Pontiac, Michigan, has filed a *pro se* petition for a writ of habeas corpus seeking relief under 28 U.S.C. § 2254 and an application to proceed *in forma pauperis*. (ECF Nos. 1 and 2.) In his petition, Gooding challenges the Michigan Court of Appeals' decision to dismiss his parole-revocation appeal pursuant to Mich. Comp. Laws § 600.2963(8) for failing to pay an outstanding filing fee in a prior appeal. Gooding also challenges the Michigan Supreme Court's decision to dismiss his application for leave to appeal as untimely. For the reasons stated

below, Gooding's application for a writ of habeas corpus is summarily denied with prejudice. Gooding's motions to dispense with the multiple copy filing requirements (ECF Nos. 3 and 4) are denied as moot.

## BACKGROUND

In 2008, an Oakland County jury convicted Gooding of first-degree home invasion, Mich. Comp. Laws § 750.110a(2). The trial court sentenced him to 6 to 20 years' imprisonment. Gooding was paroled, but soon after violated his conditions of parole by engaging in a physical altercation. After a hearing, the parole board revoked his parole. Gooding then sought an appeal in the Michigan Court of Claims, which was subsequently dismissed for lack of jurisdiction. According to Gooding the 60-day window to appeal had expired at the time his case was dismissed. Gooding then attempted to file the appropriate parole-revocation appeal in the Oakland County Circuit Court, which dismissed the appeal for being untimely. Gooding appealed to the Michigan Court of Appeals, which reversed and remanded the case back to the trial court. *See Gooding v. Parole Bd.*, No. 333911, 2017 WL 6542550, at *1 (Mich. Ct. App. Dec. 21, 2017).

On remand, the trial court affirmed the parole board's decision to revoke Gooding's parole.  Gooding filed an application for leave to appeal the trial court's decision in the Michigan Court of Appeals.  On May 6, 2022, the court of appeals informed Gooding that his motion to waive fees was denied and informed him that he was responsible for the filing fees.  (ECF No. 1, PageID.18.)  On August 2, 2022, the court of appeals issued an order of dismissal stating that "'[Gooding], while a prisoner of the Department of Corrections, filed the subject application even though he owes an outstanding balance to this Court in *Mark Anthony Gooding v Parole Board*, Docket Number 333911."  (*Id*. at PageID.19.)  Because he owed a balance in an earlier civil appeal, the Michigan Court of Appeals dismissed the action under Mich. Comp. Laws § 600.2963(8).

Gooding filed a motion for reconsideration.  On August 26, 2022, the Court of Appeals issued a letter denying the motion as untimely.  Gooding alleges that he did not receive the court's decision on the motion until sometime in October, after the time to file an application for leave to appeal in the Michigan Supreme Court had expired.  On March 9, 2023, Gooding attempted to file an application for leave in the Michigan Supreme Court.  On March 15, 2023, the Michigan Supreme Court issued a letter rejecting the filing as untimely.

In the present petition, Gooding raises the following claims:

>   I.   Did the Chief Judge abuse its discretion when it dismissed appellants' [sic] application for leave to appeal for failing to pay outstanding balance owed in Docket Number 333911, MCL 600.2963(8)?
>
>   II.  Does due process and fundamental fairness demand appellant [sic] application for leave to appeal be treated as timely?

(ECF No. 1, PageID.8.)

Gooding requests that the Court stay the proceedings and remand the case to the state courts. Because Gooding's requested relief would require this Court to overrule the state courts' decisions on a matter of state law, his claims are precluded under the *Rooker-Feldman* doctrine and the petition must be dismissed.

## DISCUSSION

A federal district court may summarily dismiss a habeas petition if it plainly appears from its face or its exhibits that the petitioner is not entitled to federal habeas relief. *See Carson v. Burke*, 178 F.3d 434, 436 (6th Cir. 1999); Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254. The Sixth Circuit held long ago that it "disapprove[s] the practice of issuing a show cause order [to the respondent] until after the District Court first has made a careful examination of the petition." *Allen v. Perini*, 424 F.2d 134,

140 (6th Cir. 1970).  A district court, therefore, has the duty to screen out any habeas petition that lacks merit on its face. *Id*. at 141.  The Court concludes that neither of Gooding's claims entitle him to habeas relief.

In his first claim, Gooding asserts that the Michigan Court of Appeals erred by dismissing his application for leave to appeal because it did not "make a determination whether the litigant is indigent at the time of the revocation of the waiver or suspension" of fees in accordance with *Martin v. Dep't of Corr.*, 201 Mich. App. 331, 335; 505 N.W.2d 915 (1993).  (ECF No. 1, PageID.13-14.)  Gooding essentially challenges the Michigan Court of Appeals' application of Mich. Comp. Laws § 600.2963(8), which prevents a prisoner from filing an additional civil action in the Michigan courts if he or she has outstanding fees or costs due and owing from prior civil cases.  In his second claim, Gooding challenges the Michigan Supreme Court's dismissal of his application for leave as untimely under the Michigan Court Rules.

The Court lacks the authority to review such claims under the *Rooker-Feldman* doctrine, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Ct. of App. v. Feldman*, 460 U.S. 462 (1983), which "holds that lower federal courts lack subject matter jurisdiction to engage in appellate review of state court proceedings or to adjudicate

claims 'inextricably intertwined' with issues decided in state court proceedings." *Peterson Novelties, Inc. v. City of Berkley*, 305 F.3d 386, 390 (6th Cir. 2002); *see also Hutcherson v. Lauderdale Co., Tenn.*, 326 F.3d 747, 755 (6th Cir. 2003). "The *Rooker-Feldman* doctrine prevents the lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commenced.' " *Lance v. Dennis*, 546 U.S. 459, 460 (2006) (per curiam) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). In determining the applicability of the *Rooker-Feldman* doctrine, federal courts . . . must pay close attention to the relief sought by the federal-court plaintiff." *Hood v. Keller*, 341 F.3d 593, 597 (6th Cir. 2003) (internal quotation omitted). "If the source of the injury is that state court decision, then the *Rooker-Feldman* doctrine would prevent the district court from asserting jurisdiction. If there is some other source of injury, such as a third party's actions, then the plaintiff asserts an independent claim." *McCormick v. Braverman*, 451 F.3d 382, 393 (6th Cir. 2006).

Gooding's source of injury is clearly derived from the state-court decisions. Gooding challenges the state courts' application of Mich. Comp. Laws § 600.2963(8) and Michigan Court Rule 7.305(C)(2). His claims are

based entirely on the application of state law and do not raise any federal constitutional challenges. Moreover, if this Court granted Gooding's requested relief, it would be forced to sit in appellate review of a state court's decision, which is prohibited under the *Rooker-Feldman* doctrine. Therefore, the Court concludes that his claims are precluded under the *Rooker-Feldman* doctrine and the petition must be dismissed.

## CERTIFICATE OF APPEALABILITY

The Court declines to issue a certificate of appealability because reasonable jurists would not find it debatable whether the Court's procedural ruling is correct or whether the petition states a valid claim of the denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court denies leave to proceed *in forma pauperis* on appeal because an appeal could not be taken in good faith. 28 U.S.C. § 1915(a)(3).

## CONCLUSION

Accordingly, **IT IS ORDERED** that the petition for writ of habeas corpus, ECF No. 1, is **DISMISSED** with prejudice.

**IT IS FURTHER ORDERED** that a certificate of appealability and leave to appeal *in forma pauperis* are **DENIED**.

- 8 -

**IT IS FURTHER ORDERED** that Petitioner's motions to dispense with the multiple copy filing requirements (ECF Nos. 3 and 4) are **DENIED** as moot.

**IT IS SO ORDERED.**

Dated:  June 27, 2023

                                          s/George Caram Steeh
                                          GEORGE CARAM STEEH
                                          UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on June 27, 2023, by electronic and/or ordinary mail and also on Mark Anthony Gooding #107683, Oakland County Jail P.O. Box 436017, Pontiac, MI 48343.

s/Mike Lang
Deputy Clerk

---