UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK ANTHONY GOODING,

    Petitioner,

v.

PAROLE BOARD and
HEIDI WASHINGTON,

    Respondents.
_____/

Civil No. 2:23-cv-10949

Hon. George Caram Steeh

**OPINION AND ORDER DENYING PETITIONER'S MOTION FOR RELIEF FROM JUDGMENT (ECF No. 10), DENYING MOTION FOR LEAVE TO AMEND PLEADINGS (ECF No. 11) AND GRANTING MOTION TO EXTEND TIME TO FILE NOTICE OF APPEAL PURSUANT TO FEDERAL RULES OF APPELLATE PROCEDURE 4(a)(5) (ECF No. 9)**

Petitioner Mark Anthony Gooding, a Michigan prisoner confined at the Central Michigan Correctional Facility in St. Louis Michigan, filed a *pro se* petition for a writ of habeas corpus seeking relief under 28 U.S.C. § 2254. Petitioner challenged the Michigan Court of Appeals' decision to dismiss his parole-revocation appeal pursuant to Mich. Comp. Laws § 600.2963(8) for failing to pay an outstanding filing fee in a prior appeal. He also challenged the Michigan Supreme Court's decision to dismiss his application for leave to appeal as untimely. The Court dismissed the

habeas petition on the basis that it lacked the authority to review such claims under the *Rooker-Feldman* doctrine. See *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Ct. of App. v. Feldman*, 460 U.S. 462 (1983). The matter is now before the Court on Petitioner's motion for relief from judgment seeking relief under Fed. R. Civ. P. 60(b).

Fed. R. Civ. P. 60(b) allows a court to relieve a party from a final judgment, order, or proceeding for a number of reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

"The party seeking relief under Rule 60(b) bears the burden of establishing the grounds for such relief by clear and convincing evidence." *Info-Hold, Inc. v. Sound Merchandising, Inc.*, 538 F.3d 448, 454 (6th Cir. 2008) (internal quotation marks and citations omitted).

Petitioner is not entitled to relief under Rule 60(b).  Petitioner argues that the Court erroneously dismissed his habeas petition because his claims implicate his federal Fourteenth Amendment due process rights.  As discussed in the Court's opinion, the *Rooker-Feldman* doctrine provides that federal district courts generally lack jurisdiction to review and determine the validity of state court judgments, even in the face of allegations that "the state court's action was unconstitutional." *Feldman*, 460 U.S. at 486; *see also Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).  Petitioner's claims for relief clearly challenge the state court decisions regarding his parole-revocation appeal. Petitioner's attempt to reframe his claims under the Fourteenth Amendment does not alter the fact that the Court lacks jurisdiction over the petition.  Petitioner, therefore, fails to demonstrate that he is entitled to relief pursuant Rule 60(b).

Accordingly, it is **ORDERED** that Petitioner's motion for relief from judgment (ECF No. 10) is **DENIED**.

It is further **ORDERED** that Petitioner's motion for leave to amend the pleadings (ECF No. 11) is **DENIED** the same reasons set forth in this order.

It is further **ORDERED** that Petitioner's motion to extend time for filing a notice of appeal (ECF No. 9) is **GRANTED**.  A party asserting excusable

neglect or good cause may seek to extend the time limit if they file a motion for extension of time within 30 days of the time for filing a notice of appeal. *See* Rule 4(a)(5); *Zack v. United States*, 133 F.3d 451, 453 (6th Cir. 1998). For the reasons stated in Petitioner's motion, the Court finds that Petitioner has demonstrated good cause for extending the time limit.

**IT IS SO ORDERED.**

Dated: February 16, 2024

s/George Caram Steeh
HON. GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on February 16, 2024, by electronic and/or ordinary mail and also on Mark Anthony Gooding #107683, Central Michigan Correctional Facility, 320 Hubbard, St. Louis, MI 48880

s/LaShawn Saulsberry
Deputy Clerk

---