UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK ANTHONY GOODING,

     Petitioner,                           Civil No. 2:23-cv-10949

                                           Hon. George Caram Steeh

v.

PAROLE BOARD and
HEIDI WASHINGTON,

     Respondents.
_____/

## ORDER GRANTING MOTIONS TO DISPENSE WITH MULTIPLE COPY REQUIREMENT  (ECF No. 17) AND TO REOPEN TIME TO FILE AN APPEAL (ECF No. 18)

Petitioner Mark Anthony Gooding, a Michigan prisoner confined at the Cooper Street Correctional Facility in Jackson, Michigan, filed a *pro se* petition for a writ of habeas corpus seeking relief under 28 U.S.C. § 2254. Petitioner challenged the Michigan Court of Appeals' decision to dismiss his parole-revocation appeal pursuant to Mich. Comp. Laws § 600.2963(8) for failing to pay an outstanding filing fee in a prior appeal.  He also challenged the Michigan Supreme Court's decision to dismiss his application for leave to appeal as untimely. The Court dismissed the habeas petition on the basis that it lacked the authority to review such

- 1 -

claims under the *Rooker-Feldman* doctrine.  *See Rooker v. Fidelity Trust Co*., 263 U.S. 413 (1923); *District of Columbia Ct. of App. v. Feldman*, 460 U.S. 462 (1983).  Within 30 days of the entry of the Court's dismissal order, Petitioner moved to extend the time to file an appeal, which the Court granted on February 16, 2024.

The matter is now before the Court on Petitioner's motions to re-open the time to file an appeal and to dispense with the multiple copy requirement.  For the reasons explained below, the Court will GRANT Petitioner's motions.

Rule 4(a)(1) of the Federal Rules of Appellate Procedure provides that a notice of appeal "must be filed with the district clerk within 30 days after entry of the judgment or order appealed from." This time limit is mandatory and jurisdictional. *Browder v. Dir., Dep't of Corr. Ill*., 434 U.S. 257, 264 (1978). The failure of an appellant to timely file a notice of appeal deprives an appellate court of jurisdiction. *Rhoden v. Campbell*, 153 F. 3d 773, 774 (6th Cir. 1998).

Federal Rule of Appellate Procedure 4(a)(6), however, provides that where a party does not receive notice of a judgment in accordance with Federal Rule of Civil Procedure 77(d), the district court may reopen the time to file an appeal if the motion to reopen is filed within 180 days after

the judgment is entered, or within 14 days after the party receives notice, whichever is earlier.

Rule 4(a)(6) is the exclusive remedy for reopening the time to file an appeal. *Bowles v. Russell*, 432 F.3d 668, 672–73 (6th Cir. 2005), aff'd, 551 U.S. 205 (2007). District court rulings on Rule 60(b)(6) motions are reviewed for abuse of discretion. *Browder*, 434 U.S. at 263 n.7; *Kuhn v. Sulzer Orthopedics, Inc*., 498 F.3d 365, 370 (6th Cir. 2007).

Here, the Court will exercise its discretion to grant the motion for reopening the time for filing the notice of appeal. Petitioner claims he did not receive actual notice of the February 16, 2024 Order until March 28, 2024.  Petitioner asserts that he was being transferred from the Central Correctional Facility to the Cooper Street Correctional Facility in early March.  The docket reflects that the Court's Order was returned as undeliverable. ECF No. 15. Petitioner filed his motion to reopen within 14 days of receiving actual notice, as required by Federal Rule of Appellate Procedure 4(a)(6).

Because Petitioner meets the requirements of Federal Rule of Appellate Procedure 4(a)(6), the Court GRANTS the motion to reopen. Petitioner has 14 days after the date of the entry of this Order to file an appeal.  *See* Fed. R. App. P. 4(a)(6).

The Court further GRANTS Petitioner's motion to dispense with the copy requirements under Local Rule 5.1(b) for the reasons stated in the motion.

**IT IS SO ORDERED.**

Dated:  April 29, 2024

s/George Caram Steeh
HON. GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on April 29, 2024, by electronic and/or ordinary mail and also on Mark Anthony Gooding #180621, Cooper Street Correctional Facility, 3100 Cooper Street, Jackson, MI 49201.

s/Lashawn Saulsberry
Deputy Clerk

---